IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § § | |
| STEEL PAINTERS, LLC, f/k/a STEEL PAINTERS, INC. | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; and to provide appropriate relief to Matthew Kimball. As alleged with greater particularity below, Mathew Kimball had a record of a disability, having had an opioid medication dependency from which he was recovering through participation in a medically-supervised rehabilitation program. Steel Painters violated the ADA in firing Kimball because it regarded him as disabled with a drug addiction. Kimball was qualified for the journeyman Painter position that he held, was performing the job safely and competently, and was cleared by the laboratory with which Defendant contracted to perform drug and alcohol screening.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Steel Painters, LLC (Steel Painters), is a Texas limited liability company. Prior to converting to a limited liability company in 2017, Steel Painters was a Texas corporation known as Steel Painters, Inc. At all relevant times, Steel Painters has been doing business in the State of Texas and the city of Beaumont, and has continuously had at least 15 employees. Steel Painters currently has over 100 employees. Steel Painters may be served by serving its registered agent for service of process, Judd P Adams, 7453 Frint Road, Beaumont, TX 77705.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Matthew Kimball filed a charge with the Commission alleging violations of the ADA by Defendant.

8.      On August 16, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      Thereafter, the Commission engaged in communications with Steel Painters to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.      On January 5, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.      On or about September 27, 2016, Defendant engaged in unlawful employment practices at the South Hampton refinery in Silsbee, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.,

13.      Matthew Kimball is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. Mr. Kimball is recovering from a drug addiction and has been enrolled in a supervised methadone treatment program since September 2013. He has not used illegal drugs since beginning the treatment program in September 2013. He undergoes monthly counseling and drug testing. Kimball follows all rules set by the clinic, and he has never failed one of its drug screens. His use of methadone is directly related to the treatment for his drug dependency.

15. Prior to enrolling in the treatment program, Kimball was addicted to opioid pain medication. His drug dependency began when he was recovering from a shoulder and arm injury he sustained in 2012. Oxycodone was among the medicine prescribed for managing his pain during his recuperation from surgery and his physical rehabilitation. His dependency on opioid medication caused physiological and psychological effects that substantially limited, among other things, his neurological and digestive functions.

16. In February 2015, upon moving to the Beaumont area, Kimball became a patient at Texas Treatment Services, a local clinic that treats patients recovering from drug dependency. Since February 2015, he has been prescribed methadone only from this facility, and since beginning treatment, he has followed all the rules mandated by the clinic, including visiting a counselor at least once per month and passing drug tests. Kimball takes his methadone dosage in the evenings, after the work day, so it does not interfere with his work performance.

17. On September 16, 2016, Defendant hired Kimball as a journeyman Painter. He was assigned to work at the South Hampton refinery in Silsbee, Texas. Doyle Menard, one of Defendant's managers, recruited Kimball to leave the job he was working to accept the position with Steel Painters. Kimball began his work for Steel Painters at the refinery around Monday, September 19, 2016. A few days before he began working, Kimball took a pre-employment "non-DOT drug and alcohol test." Kimball worked through that week.

18. On Monday, September 26, Kimball worked from 6:30 AM until his lunch break at 11:30 AM. That morning, Beaumont Occupational Services ("BOS") advised Steel Painters' HR Manager Carla Weighmann that Kimball had tested "positive." Weighmann informed Kimball's superior that Kimball needed to be removed from the job site. Kimball was removed from the job site.

19. From the front gate of the plant, Kimball called Heinen Medical, the lab that processed the test. Kimball spoke with a nurse named Brittany. He emailed the lab his drug prescription information for his methadone, along with a letter from Texas Treatment Services (signed by his doctor) that set out the date he began treatment at the center and other relevant information.

20. Based upon Kimball's having provided the lab with documentation about his supervised methadone treatment, the lab changed the test result from "positive" to "negative," as evidenced by a report signed by Dr. Brian N. Heinen of Heinen Medical Review. By the end of the day on September 26, Weighmann had received the "final" report, which indicates that Kimball's test result was "Negative."

21. On September 27, 2016, Weighmann told Kimball that pursuant to Defendant's Prescription Drug Policy, Kimball and his doctor should fill out and submit to Defendant a specific form. Kimball filled out the Employee's Section of the form, which he signed and dated September 27, 2016.

22. On or about September 28, 2016, Kimball went to the treatment center that dispensed his methadone and asked that his doctor to complete the other portion of the form. The center, however, told Kimball that it had a policy that treating doctors do not fill out third party

forms on their patients. The center told Kimball that it would provide a one-paragraph letter that verifies that the individual "is a patient at our clinic"; "is under the care of Dr. ____"; "has been a patient here since _____"; and "is prescribed Methadone only from this facility." The letter concludes "If you have any questions please feel free to contact me at [clinic's telephone number]." Even though Kimball had previously given Defendant a letter like this that was dated July 28, 2016, he obtained for Defendant another copy of the letter.

23. On or about September 28, 2016, Kimball called Weighmann, explained that the clinic would not fill out Defendant's form, and read the clinic's letter to her over the phone. Weighmann insisted that he must provide Defendant the completed form. Kimball urged Weighmann to call the methadone clinic if she had doubts about his ability to work as a Painter while using methadone, but Weighmann replied, "I'm not callin' nobody." Kimball also offered to take a pre-employment physical administered by a physician contracted by Defendant so that Defendant's doctor could clear him for work. Weighmann declined Kimball's offer. Finally, Weighmann abruptly told Kimball, "Well, you don't have a job…. We have to terminate you!" and hung up. Kimball tried to call her back numerous times but Weighmann refused to take his call. He finally talked to a secretary, who told Kimball that since he was terminated, he could pick up his final check on Friday [September 30].

24. Defendant took no further steps to determine the effect, if any, of the methadone treatment on Kimball.

25. Defendant's practice is to exclude from employment workers who are using methadone, even if the methadone use is pursuant to a supervised treatment program. A laborer who sought employment with Defendant prior to Kimball was told by Defendant's Human

Resources "we don't hire people on methadone."

26. Defendant issued Kimball a Termination Notice dated September 28, 2016. The Termination Notice states that Kimball is not recommended for rehire. Kimball had a record of a disability based on his past addiction to opioid pain medication prior to entering the drug treatment program in September 2013. Defendant fired Kimball in violation of the ADA because it regarded him as having a disability and because of his record of a disability.

27. The effect of the practices complained of in paragraphs 23 - 26 above has been to deprive Matthew Kimball of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

28. The unlawful employment practices complained of in paragraphs 23 - 26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 23 - 26 above were done with malice or with reckless indifference to the federally protected rights of Matthew Kimball.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Steel Painters, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing or failing to hire employees with disabilities because of their disabilities, and specifically from discriminating against workers whose disabilities necessitate the use of methadone pursuant to a supervised treatment program.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and provide equal employment opportunities for workers whose impairments and disabilities require the use of prescription medicine, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Matthew Kimball by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Matthew Kimball, or, in the alternative, front pay.

D.     Order Defendant to make whole Matthew Kimball by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 23 - 26 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole Matthew Kimball by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 23 - 26 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Matthew Kimball punitive damages for its malicious and reckless conduct, as described in paragraphs 23 - 26 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        Rudy L. Sustaita
        Regional Attorney

        Rose Adewale-Mendes
        Supervisory Trial Attorney

        __/s/_ Claudia Molina -Anatanaitis_____
        Claudia Molina-Antanaitis
        Trial Attorney
        Attorney-in-Charge
        Md Bar (no number)
        Equal Employment Opportunity Commission
        1919 Smith Street, Suite 600
        Houston, Texas 77002
        (713) 651-4952
        (713) 651-7995 [facsimile]
        claudia.molina@eeoc.gov